SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ANDREW Y.S. CHENG (CSBN 164613)
Assistant United States Attorney
ILA C. DEISS (NYSB 3052909)
Assistant United States Attorney

    450 Golden Gate Avenue, P.O. Box 36055
    San Francisco, California 94102-3495
    Telephone:   (415) 436-6813
    Facsimile:    (415) 436-6748
    Email:        andrew.cheng@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LARRY ROMERO,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br><br>        Defendant. | Case No. C06-4967 WHA (EMC)<br>**E-FILING CASE**<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND [PROPOSED] ORDER** |

    IT IS HEREBY STIPULATED AND AGREED by and between plaintiff LARRY ROMERO and defendant JOHN E. POTTER, (hereinafter the "Federal Defendant"), by and through their undersigned counsel, as follows:

    1.    The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

    2.    The Federal Defendant agrees to pay the sum of Sixty Eight Thousand Dollars and no cents ($68,000.00) to plaintiff under the terms and conditions set forth herein.

    3.    The plaintiff and his heirs, executors, administrators, assigns and attorneys hereby agree to accept the sum of Sixty Eight Thousand Dollars and no cents ($68,000.00), in full and

final settlement and satisfaction of the claims raised in This Action under the terms and conditions set forth herein.

4. It is also agreed, by and among the parties, that the settlement amount of Sixty Eight Thousand Dollars and no cents ($68,000.00) represents the entire amount payable to plaintiff and his heirs, executors, administrators, assigns and attorneys.

5. It is also agreed, by and among the parties, that the settlement amount of Sixty Eight Thousand Dollars and no cents ($68,000.00) shall be made payable to plaintiff Larry Romero. The check will be mailed to the plaintiff's attorney at the following address: Charles Stephen Ralston, Esq., 3188 County Route 9, East Chatham, NY 12060.

6. It is also agreed by and among the parties that neither plaintiff nor any of his attorneys may make any claim for attorney's fees or other costs against the Federal Defendant, the United States, their agents, servants, or employees.

7. In consideration of the payment of Sixty Eight Thousand Dollars and no cents ($68,000.00) as set forth above, the plaintiff agrees that he will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in This Action, which is captioned *Larry Romero v. John E. Potter, Postmaster General, United States Postal Service*, C 06-4967 WHA.

8. In consideration of the payment of Sixty Eight Thousand Dollars and no cents ($68,000.00) as set forth above, the plaintiff hereby releases and forever discharges the Federal Defendant and any and all of its past and present officials, directors, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, which have been or could have been raised in the complaint or EEO complaint in this action, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all claims of discrimination, harassment,

///

hostile work environment, and retaliation asserted by plaintiff in each and every Equal Employment Opportunity ("EEO") complaint filed while plaintiff worked at the United States Postal Service or any and all claims that could have been asserted in the EEO Complaint, during the EEOC hearing, or during the time of plaintiff's employment by the Federal Defendant.

9. In consideration of the payment of Sixty Eight Thousand Dollars and no cents ($68,000.00) as set forth above, the plaintiff further agrees that he may not and will not use or rely on the incidents and actions underlying the EEO Complaint or Equal Employment Opportunity Commission ("EEOC") hearing in any other administrative proceeding, state court action or federal court action to prove any kind of discrimination, harassment, hostile work environment, or retaliation or as background or history to any claim of discrimination, harassment, hostile work environment, or retaliation he may bring.

10. The provisions of California Civil Code Section 1542 are set forth below:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor. The plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. The plaintiff understands that if the facts concerning the plaintiff's injury and the liability of the Federal Defendant, or its directors, officers, agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by him to be true, this agreement shall be and remain effective notwithstanding such material difference.

11. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant, or its directors, officers, agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

12. This agreement may be pled as a full and complete defense to any action or other

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C06-4967 WHA                                    3

proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

13. If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum as set forth herein, plaintiff shall be solely responsible for paying any such liability. Plaintiff, and his attorneys, will indemnify and hold harmless the Federal Defendant from any liability the Federal Defendant may incur from any government agency arising out of any failure by plaintiff to pay any tax liability he might be responsible for from any government agency.

14. Plaintiff and his attorneys have been informed that payment of the settlement amount may take 90 days or more to process.

~~15. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.~~

16. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

17. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

18. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

///

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C06-4967 WHA                                              4

19. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: 10/22/07

LARRY ROMERO
Plaintiff

Dated: Oct. 19, 2007     By: 

CHARLES S. RALSTON, ESQ.
Attorney for Plaintiff

SCOTT N. SCHOOLS
United States Attorney

Dated: 10/23/07     By: 

ANDREW Y.S. CHENG
ILA C. DEISS
Assistant United States Attorneys
Attorneys for the Federal Defendant

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**

Dated: __ October 29, 2007 __

IT IS SO ORDERED
Judge William Alsup

WILLIAM H. ALSUP
United States District Judge

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
C06-4967 WHA                                    5